First. Can a voter legally “ insert” or “ fill in,” in the space left at the end of the list of candidates on the official ballot, the name of the candidate for whom he would vote, by means of pasting thereon a printed slip bearing the name of such candidate and making the x mark in the space to the right of such name so pasted on said official ballot, and should such ballot be counted for the candidate whose printed name is thus pasted on ?
Answer. A voter can legally “insert” or “fill in,” in the space left at the end of the list of candidates on the official ballot, the name of the candidate for whom he would vote, by pasting thereon a printed slip bearing the name of such candidate and making the X mark in the space to the right of such name so pasted on the official ballot, and such ballot should be counted for the candidate whose printed name is thus pasted on. The blank space is as appropriate to the reception of a pasted slip as of a written name, and the language of the statute, to “insert” or “ fill in ” the name, applies as well to the one case as to the other; and it must be presumed that the Legislature was aware of the general use of “ pasters,” so called, and did not intend to forbid their use by provisions which, taken as they read, clearly permit it.
Second. At a special election for representative to the General Court, where the official ballot bears only one name and some official ballots are cast bearing such name and none other, but without any X or other mark on such ballot, can the ballots so cast be counted for such candidate ?
Answer. At a special election for representative to the General Court, where the official ballot bears only one name and some official ballots are cast bearing such name and none other, but without any X or other mark on such ballot, the ballot so cast can be counted for such candidate. In such a case, which would very rarely arise, there is no “ choice” of the voter, in the sense of the statute, to be indicated by the statutory mark. “ Choice ” implies a selection of one out of two or more names, and if the ballot bears but one name there is nothing upon which this right of choice is to be exercised. Any other construction would deprive the act of the voter in such a case of all significance or legal effect, and this result is to be avoided if possible. But in my opinion, as will appear below, this applies only to a ballot bearing but a single name.
*49 Third. At a special election for representative to the General Court, where the official ballot bore only the name of one candidate and the printed name of another candidate had been pasted in the blank space left at the end of the list of candidates, but without a X mark or other mark in the space at the right of either name, can such ballot be counted for either candidate, and if so for which ?
Answer. At a special election for representative to the General Court, where the official ballot bore only the name of one candidate and the printed name of another candidate had been pasted in the blank space left at the end of the list of candidates, but without a X mark or other mark in the space at the right of either name, or elsewhere upon the ballot, as I understand the question, such ballot cannot be counted for either candidate. This involves the important and difficult question how far the statutory requirement of the mark, as the means of designating the voter’s choice, is mandatory. The form of the provision (Acts of 1889, chap. 413, sect. 23), that the voter “ shall prepare his ballot by marking in the appropriate margin or place a cross (X) opposite the name of the candidate of his choice,” does not settle the question, as such language, though in form mandatory, may be and often is construed as directory, and doubtless is to be so construed in various other provisions of this act; but there are other general considerations which seem to determine the matter. The great purpose of this act is, unquestionably, to promote the purity of the ballot, by insuring a free and intelligent expression of the voter’s choice, in secret and on the spot; and the intent of the act, so far as it concerns the question now under consideration, seems clearly to be that he shall indicate his choice by the affirmative act of marking the ballot, under the circumstances of secrecy and security against interference or molestation with which the act surrounds him at the polls ; and while it is a general rule of election law that statutes in derogation of the right to vote are ordinarily to be construed liberally in favor of the exercise of the right, it is also a settled rule that a statute is to be construed, so far as may be, in the light and in the direction of its leading and obvious purposes; and this warrants, if it does not require, in this case a somewhat stricter construction in favor of the purity, the secrecy, and the intelligence of the ballot, than has ordinarily been applied to election laws. It is to be observed also that the act imposes many other express restrictions upon the right to vote which are obviously peremptory, and which, though in derogation of the right, the Legislature must be supposed to have considered *50 essential to the main purposes of the act. There is no direct authority, so far as I am aware, upon the question whether the requirement of the mark is mandatory, but it is significant and is not to be overlooked that in the cases in our House of Representatives, in the English cases under the Ballot Act of 1872, the material provisions of which are substantially like our own, in the Scotch and Canadian cases and all others which have come to my notice, it seems to be assumed that the requirement of a mark of some sort, sufficient to indicate the voter’s choice, is a peremptory requirement, though there is considerable liberality of construction as to the position and character of the mark. An argument to the contrary may perhaps be drawn from section 26, which contains the only express prohibitions in the act against counting ballots, among which it is provided that “if a voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the voter’s choice for any office to be filled, his ballot shall not be counted for such office.” It might be said that this makes the possibility of determining the voter’s choice, by any means, a test of the validity of the vote ; but this construction would open the door to many irregularities which the act seems carefully designed and intended to prevent and to forbid ; and under an act of this general character it does not necessarily follow, and it does not seem a reasonable construction, that every vote shall be counted if it is possible by any method to determine the voter’s choice, for the reason alone that the statute forbids a vote to be counted if it is impossible to determine the voter’s choice; especially as there are many other cases to which this language may be applied consistently with the strict observance of the requirement to mark the ballot. And the argument from section 26 appears to me to be met by the provision of section 23 that even when a voter inserts the name of a candidate not upon the ballot, thereby, as it would seem, indicating unmistakably his choice for that office, the X mark is still to be made opposite the name so inserted. From this it is clear that the act does not make or intend to make the possibility of determining the voter’s choice the sole or sufficient test of the validity of the vote. It appears to me a more reasonable construction, keeping in view the general intent of the act, to hold that this provision was intended to mean only that the vote is not to be counted if it is impossible to determine the voter’s choice by the means and in accordance with the methods prescribed by the act.
Fourth. At a special election for representative to the General Court, where the official ballot bears only one name and some *51 ballots are cast bearing such name and none other, and there is no X mark in the proper place, but X marks are made in various other places on the face of the ballot, can such ballots so marked be counted for such candidate ? Can they be counted if upon the back or outside of the ballot ?
Answer. At a special election for representative to the General Court, where the official ballot bears only one name and some ballots are cast bearing such name and none other, and there is no X mark in the proper place, but X marks are made in various other places on the face of the ballot, such ballots so marked can be counted for such candidate, for the reasons above stated in answer to the second question; as in such a case the person whose name alone is on the ballot must be taken to be the voter’s choice, irrespective of any mark. I understand this to cover also the second branch of the fourth question. But of a mark on the back or outside of a ballot it is sufficient to say that such mark is not a mark upon the ballot in the sense of the act, nor is it easy to see how such a mark can possibly determine the voter’s choice.
Fifth. At a special election for representative to the General Court, where the official ballot bears only one name, and the printed name of another candidate is pasted, not in the space at the end of the lists of candidates, but in the space where the name of the regularly nominated candidate is printed on the official ballot, but not covering such name, and the X mark is placed in the space to the right of both names, can such ballots be counted for either candidate, and if so, for which candidate?
Answer. At a special election for representative to the General Court, where the official ballot bears only one name, and the printed name of another candidate is pasted, not in the space at the end of the list of candidates, but in the space where the name of the regularly nominated candidate is printed on the official ballot, but not covering such name, and the X mark is placed in the space to the right of both names, such ballots can be counted for either candidate, according to the voter’s choice, if it is possible to determine his choice; and it is a settled rule of election law that the writing or otherwise inserting or affixing a name to or upon a ballot is competent evidence to show that the voter intended to vote for the person whose name is so inserted or affixed.
Sixth. At a special election for representative to the General Court, where the official ballot bears only one name, and the printed name of another candidate is pasted, not in the space at the end of the list of candidates, but over the name of the *52 regularly nominated candidate, with the X mark in the proper space, can such ballot be counted for the candidate whose name is thus affixed to such ballot ?
Answer. At a special election for representative to the General Court, where the official ballot bears only one name, and the printed name of auotker candidate is pasted, not in the space at the end of the list of candidates, but over the name of the regularly nominated candidate, with the X mark in the proper space, such ballot can be counted for the candidate whose name is thus affixed to such ballot, under the circumstances, and for the reasons above stated in the answers to the first and fifth questions.
Seventh. At a special election for representative to the General Court, where the official ballot bore only the name of one candidate, and the printed name of another candidate is pasted, not in the space at the end of the list of candidates, but in the space wherein the name of the regularly nominated candidate appears, and such name of such regularly nominated candidate has been thereby partially obliterated but the X mark is in the proper space, can such ballot be counted for either candidate, and if so, for which of the candidates ?
Answer. At a special election for representative to the General Court, where the official ballot bore only the name of one candidate, and the printed name of another candidate is pasted, not in the space at the end of the list of candidates, but in the space wherein the name of the regularly nominated candidate appears, and such name of such regularly nominated candidate has been thereby partially obliterated, but the x mark is in the proper space, such ballot can be counted for the candidate of the voter’s choice, if that can be determined, under the circumstances and for the reasons last above stated.
'Eighth. Is the provision of law with reference to the marking of the ballot by the voter mandatory, and the provision as to “insertion” or “filling in” of the name of any candidate whose name is not upon the official ballot for whom the voter wishes to cast his ballot in the blank space at the end of the list of candidates mandatory ?
Answer. The provision of law with reference to the marking of the ballot by the voter is so far mandatory as to require some mark upon the face of the ballot sufficient to make it possible to determine the voter’s choice of the several candidates for the office in question. This follows from the answer to the third question. The provision as to “ insertion” or “ filling in” of the name of any candidate whose name is not upon the official ballot *53 for whom the Voter wishes to east his ballot, in the blank space at the end of the list of candidates, is not mandatory. The blank space is provided for the convenience of the voter and there is no express requirement of the act, and in my opinion there is none to be derived from it by construction, making the use of the blank space compulsory in such a case.
Ninth. Can the House of Representatives or its election committee determine the evident intent of the voter from an inspection of the ballot where the strict letter of the law as to affixing or filling in the name or marking the ballot has not been complied with, or must the House of Representatives and its election committee be governed by the express terms of the law ?
Answer. The House of Representatives or its election committee, subject to the' approval of the House, has power to determine the evident intent of the voter from an inspection of the ballot where the strict letter of the law as to affixing or filling in the name or marking the ballot has not been complied with; as by the Constitution, chapter 1, section 3, article 10, the House of Representatives “ shall be the judge of the returns, elections and qualifications of its own members; ” which provision is held to give the-House absolute power over the subject. But it may be proper to add that the House of Representatives of Massachusetts has been accustomed in such eases to follow the rules of law.
Tenth. Can the House of Representatives or its election committee count, for any candidate, ballots found in the ballot-box and marked “ Cancelled,” even though it appears from the marks upon the said ballots that they have been through the official registering ballot box ?
Answer. The House of Representatives or its election committee, subject to the approval of the House, in the exercise of its constitutional power can count ballots found in the ballot box and marked “Cancelled,” when it appears from the marks upon the ballots that they have been through the official registering ballot-box. But if the question is intended to be whether such ballots can lawfully be counted without resort to the arbitrary powers of the House, under the Constitution, it calls for further answer. I assume that the question refers only to ballots which would be entitled to be counted except for the mark “ Cancelled.” There is no express prohibition in the act against counting a ballot marked “ Cancelled,” but this mark indicates some irregularity about the ballot which should make it a subject of further inquiry. It is a settled rule of election law that mistake or fraud of the election officers shall not invalidate a vote lawfully and regularly *54 cast, and this is a salutary rule, in the interest of the public no less than of the voter. As it is difficult to suppose that such a mark, “ Cancelled,” would be put upon the ballot by the voter himself, and as the reasonable inference, therefore, is that if the ballot was regularly cast the mark was placed upon it by the mistake or fraud of some election officer, in which case it is entitled to be counted, the case calls for further inquiry into the regularity of the ballot and the circumstances under which the mark of cancellation was placed upon it.
A. E. PILLSBURY, Attorney General.